

Federal Communications Commission
Washington, D.C. 20554

July 3, 2024

Mark Langer, Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

>     RE:   *International Dark-Sky Ass'n v. FCC*, No. 22-1337 (and consolidated case) (oral argument held on December 11, 2023)

Dear Mr. Langer:

I write to respond to DISH's Rule 28(j) letter dated June 28, 2024, discussing *Loper Bright Enterprises v. Raimondo*, 2024 WL 3208360 (U.S. June 28, 2024). In that case, the Supreme Court overruled the *Chevron* doctrine, which had required judicial deference to federal agencies' permissible interpretations of ambiguous statutory provisions. *See Chevron USA Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). The Court's decision to overrule *Chevron* has no relevance here. Neither DISH nor the other appellant (the International Dark-Sky Association) is challenging the FCC's interpretation of a statute the agency is charged with implementing. For that reason, the FCC did not ask the Court for "*Chevron* deference" in this case. Indeed, the Commission did not even cite *Chevron* in its brief.

DISH argues that in light of *Loper Bright*, the Court should accord no "deference" to the FCC actions challenged by DISH. Letter at 2. In its brief, however, DISH recognized that the APA's "arbitrary and capricious" standard of review applies to DISH's claims. *See* DISH Br. 24-26; *see also* FCC Br. 31-32.

And as the Supreme Court noted in *Loper Bright*, the APA "*does* mandate" deferential judicial review of agency actions under the arbitrary and capricious standard. Slip op. at 14. Applying that standard, the Court should uphold the FCC's reasonable actions in this case.

                                                  Respectfully submitted,

                                                  /s/ James M. Carr

                                                  James M. Carr
                                                  Counsel

cc:    Counsel for all parties (via ECF)