IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DISH NETWORK CORPORATION,<br>  *Appellant*,<br><br> v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br>  *Appellee*,<br><br>SPACE EXPLORATION HOLDINGS, LLC,<br>  *Intervenor*. | Case No. 23-1001 (consolidated with Case No. 22-1337) |

## STATEMENT OF ISSUES TO BE RAISED

DISH Network Corporation ("DISH"), pursuant to the Court's Order dated Jan. 5, 2023, hereby submits its Statement of Issues to be Raised.

In this Appeal, DISH, has sought judicial review of the final order of the Federal Communications Commission ("FCC" or "the Commission") captioned *In the Matter of Space Exploration Holdings, LLC; Request for Orbital Deployment and Operating Authority for the SpaceX Gen2 NGSO Satellite System*, Order and Authorization, IBFS

File Nos. SAT-LOA-20200526-00055 and SAT-AMD-20210818-00105, Call Sign S3069, FCC 22-91 (rel. Dec. 1, 2022). (the "Order").

The Order authorizes in part Space Exploration Holdings, LLC ("SpaceX") to deploy and operate up to 7,500 satellites as part of its "second-generation" ("Gen2") Starlink system, and allows the system to use the 12.2-12.7 GHz ("12 GHz") frequency band for its space-to-Earth operations. *See* Order ¶ 45. The Order leaves millions of families receiving satellite television service from DISH in the same frequency band vulnerable to interference.

The issues that DISH intends to raise before the Court in this case are that the Order:

1. Exceeds the FCC's statutory authority and contravenes the Communications Act, 47 U.S.C. § 151 *et. seq.*; among other things, the *Order* does not comply with the agency's statutory directive to protect users of the electromagnetic spectrum, *see* 47 U.S.C. § 303(c), (f);

2. contravenes the Administrative Procedure Act, 5 U.S.C. § 551 *et. seq.*; among other things, the *Order* is arbitrary, capricious, and unreasoned, as it is internally contradictory, violates the agency's

own rules, refuses to consider a material aspect of the problem, and tries to remedy the *Order's* own ill effects by a facially ineffective condition, all of which constitute an abuse of the agency's discretion;

3. violates the FCC's own rules; among other things, the *Order* refused to allow DISH to examine SpaceX's data files, which SpaceX had shared with the Commission, except after the decision was made, and did not require that SpaceX procure a favorable or qualified favorable ITU finding "prior to the initiation of service," as required by 47 C.F.R. § 25.146;

4. contravenes the Constitution; among other things, the *Order* delegates to the ITU and to SpaceX itself the FCC's own statutory responsibility to ensure that SpaceX's own operations do not cause unacceptable interference, without any substantive oversight by the FCC, all in violation of the Constitution's Article I and the nondelegation doctrine.

Respectfully submitted,

  /s/ *Pantelis Michalopoulos*
Pantelis Michalopoulos
Andrew M. Golodny
Mark Savignac
STEPTOE & JOHNSON LLP
1330 Connecticut Ave, NW
Washington, DC  20036
Tel:  202-429-6494
Fax: 202-429-3902

*Counsel for DISH Network Corporation*

Feb. 3, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on Feb. 3, 2023 I electronically filed the foregoing document with the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system. I certify that the counsel of record for Appellee and Intervenor are registered as ECF Filers and that they will be served by the CM/ECF system.

   /s/ *Pantelis Michalopoulos*
Pantelis Michalopoulos
STEPTOE & JOHNSON LLP
1330 Connecticut Ave, NW
Washington, DC
(202) 429-6494